MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
ATIGE SILVA, *individually and on behalf of*
*others similarly situated,*

|  |  |
|---|---|
| *Plaintiff,* | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
| VISHARA VIDEO, INC.  (D/B/A VISHARA VIDEO INC.) and ANANDA DHARMASENA (A.K.A. A.S. DHARMASENA) , | **29 U.S.C. § 216(b)** |
|  | **ECF Case** |
| *Defendants.* |  |

--------------------------------------------------------X

Plaintiff Atige Silva ("Plaintiff Silva" or "Mr. Silva"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Vishara Video, Inc. (d/b/a Vishara Video Inc.), ("Defendant Corporation") and Ananda Dharmasena (a.k.a. A.S. Dharmasena), ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

### NATURE OF ACTION

1.      Plaintiff Silva is a former employee of Defendants Vishara Video, Inc. (d/b/a Vishara Video Inc.) and Ananda Dharmasena (a.k.a. A.S. Dharmasena).

2.       Defendants own, operate, or control a video store, located  at 797 8th Ave, New York, NY 10019 under the name "Vishara Video Inc.".

3.      Upon information and belief, individual Defendant Ananda Dharmasena (a.k.a. A.S. Dharmasena), serve or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the Video store as a joint or unified enterprise.

4.      Plaintiff Silva was an employee of Defendants.

5.      Plaintiff Silva was employed as a sales associate at the Video store located at 797 8th Ave, New York, NY 10019.

6.      At all times relevant to this Complaint, Plaintiff Silva worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Silva appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Furthermore, Defendants repeatedly failed to pay Plaintiff Silva wages on a timely basis.

9.      Defendants' conduct extended beyond Plaintiff Silva to all other similarly situated employees.

10.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Silva and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.      Plaintiff Silva now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.      Plaintiff Silva seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Silva's state law claims under 28 U.S.C. § 1367(a).

14.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a video store located in this district. Further, Plaintiff Silva was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

15.     Plaintiff Atige Silva ("Plaintiff Silva" or "Mr. Silva") is an adult individual residing in New York County, New York.

16.     Plaintiff Silva was employed by Defendants at "Vishara Video Inc" from approximately December 2012 until on or about March 2, 2018.

17.     Plaintiff Silva consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

18.     At all relevant times, Defendants own, operate, or control a video store, located at 797 8th Ave, New York, NY 10019 under the name "Vishara Video Inc.".

19.     Upon information and belief, Vishara Video, Inc. (d/b/a Vishara Video Inc.) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 797 8th Ave, New York, NY 10019.

20.    Defendant Ananda Dharmasena (a.k.a. A.S. Dharmasena) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ananda Dharmasena (a.k.a. A.S. Dharmasena) is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Ananda Dharmasena (a.k.a. A.S. Dharmasena) possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Silva, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

21.    Defendants operate a video store located in the Hell's Kitchen section of Manhattan in New York City.

22.    Individual Defendant, Ananda Dharmasena (a.k.a. A.S. Dharmasena), possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

23.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

24.    Each Defendant possessed substantial control over Plaintiff Silva's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Silva, and all similarly situated individuals, referred to herein.

25.    Defendants jointly employed Plaintiff Silva (and all similarly situated employees) and are Plaintiff Silva's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

- 4 -

26.     In the alternative, Defendants constitute a single employer of Plaintiff Silva and/or similarly situated individuals.

27.     Upon information and belief, Individual Defendant Ananda Dharmasena (a.k.a. A.S. Dharmasena) operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e)  operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of his own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

28.     At all relevant times, Defendants were Plaintiff Silva's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Silva, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Silva's services.

29.     In each year from, 2012 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the Video store on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

31.     Plaintiff Silva is a former employee of Defendants who was employed as a sales associate. Plaintiff Silva seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Atige Silva*

32.     Plaintiff Silva was employed by Defendants from approximately December 2012 until on or about March 2, 2018.

33.     Defendants employed Plaintiff Silva as a sales associate.

34.     Plaintiff Silva regularly handled goods in interstate commerce, such as videos and other supplies produced outside the State of New York.

35.     Plaintiff Silva's work duties required neither discretion nor independent judgment.

36.     Throughout his employment with Defendants, Plaintiff Silva regularly worked in excess of 40 hours per week.

37.     From approximately December 2012 until on or about October 2014, Plaintiff Silva worked as a sales associate from approximately 8:00 a.m. until on or about 8:00 p.m., 6 days a week (typically 72 hours per week).

38.     From approximately November 2014 until on or about March 2, 2018, Plaintiff Silva worked as a sales associate from approximately 8:00 a.m. until on or about 8:00 p.m., 5 days a week (typically 60 hours per week).

- 6 -

39.     From approximately December 2012 until on or about October 2014, Defendants paid Plaintiff Silva his wages in cash.

40.     From approximately November 2014 until on or about March 2, 2018, Defendants paid Plaintiff Silva his wages by check.

41.     From approximately December 2012 until on or about December 2013, Defendants paid Plaintiff Silva a fixed salary of $450 per week.

42.     From approximately January 2014 until on or about December 2014, Defendants paid Plaintiff Silva $8.00 per hour for only 40 hours per week.

43.     From approximately January 2015 until on or about December 2015, Defendants paid Plaintiff Silva $8.75 per hour for only 40 hours per week.

44.     From approximately January 2016 until on or about December 2016, Defendants paid Plaintiff Silva $9.00 per hour for only 40 hours per week.

45.     From approximately January 2017 until on or about December 2017, Defendants paid Plaintiff Silva $10.50 per hour for only 40 hours per week.

46.     From approximately January 2018 until on or about March 2, 2018, Defendants paid Plaintiff Silva $12.00 per hour for only 40 hours per week.

47.     Plaintiff Silva's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

48.     For example, Defendants required Plaintiff Silva to work an additional two to three hours past his scheduled departure time one or two days a week, they also required Plaintiff Silva to work double shift twice per month, and did not pay him for the additional time he worked.

49.     Defendants never granted Plaintiff Silva any breaks or meal periods of any kind.

50.     From approximately December 2012 until on or about 2014, Plaintiff Silva was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

- 7 -

51.     Although Plaintiff Silva was required to keep track of his time from approximately 2015 until on or about March 2, 2018, Defendants required him to record fewer hours than he actually worked. As a result, Plaintiff Silva was not compensated for all of the hours that he worked.

52.     Defendants required Plaintiff Silva to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

53.     In addition, in order to get paid, Plaintiff Silva was required to sign a document falsely stating the hours that he worked per week.

54.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Silva regarding overtime and wages under the FLSA and NYLL.

55.     Defendants did not provide Plaintiff Silva an accurate statement of wages, as required by NYLL 195(3).

56.     In fact, Defendants adjusted Plaintiff Silva's paystubs that reflected inaccurate wages and hours worked.

57.     Defendants did not give any notice to Plaintiff Silva, in English and in Sinhalese (Plaintiff Silva's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

58.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Silva (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

59.     Plaintiff Silva was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

60.     Defendants' pay practices resulted in Plaintiff Silva not receiving payment for all his hours worked, and resulting in Plaintiff Silva's effective rate of pay falling below the required minimum wage rate.

61.     Defendants habitually required Plaintiff Silva to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

62.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

63.     Defendants' time keeping system did not reflect the actual hours that Plaintiff Silva worked.

64.     Defendants required Plaintiff Silva to sign a document the contents of which he was not allowed to review in order to release his wages Defendants required Plaintiff Silva to sign a document that reflected inaccurate or false hours worked.

65.     Plaintiff Silva was paid his wages cash and since 2014 until the March 2, 2018 he was paid by check.

66.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

67.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Silva (and similarly situated individuals) worked, and to avoid paying Plaintiff Silva properly for his full hours worked.

68.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

69.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Silva and other similarly situated former workers.

70.    Defendants failed to provide Plaintiff Silva and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

71.    Defendants failed to provide Plaintiff Silva and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

72.     Plaintiff Silva brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

73.    At all relevant times, Plaintiff Silva and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and

have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

74.     The claims of Plaintiff Silva stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

75.     Plaintiff Silva repeats and realleges all paragraphs above as though fully set forth herein.

76.     At all times relevant to this action, Defendants were Plaintiff Silva's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Silva (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

77.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

78.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

79.     Defendants failed to pay Plaintiff Silva (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

80.     Defendants' failure to pay Plaintiff Silva (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

81.     Plaintiff Silva (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

82.    Plaintiff Silva repeats and realleges all paragraphs above as though fully set forth herein.

83.    At all times relevant to this action, Defendants were Plaintiff Silva's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Silva (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

84.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

85.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

86.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Silva (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

87.    Defendants' failure to pay Plaintiff Silva (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

88.    Plaintiff Silva (and the FLSA Class members)were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

89.    Plaintiff Silva repeats and realleges all paragraphs above as though fully set forth herein.

- 12 -

90.     At all times relevant to this action, Defendants were Plaintiff Silva's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Silva, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

91.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Silva less than the minimum wage.

92.     Defendants' failure to pay Plaintiff Silva the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

93.     Plaintiff Silva was damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS**

**OF THE NEW YORK STATE LABOR LAW**

94.      Plaintiff Silva repeats and realleges all paragraphs above as though fully set forth herein.

95.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Silva  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

96.     Defendants' failure to pay Plaintiff Silva overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

97.     Plaintiff Silva was damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE NOTICE AND RECORDKEEPING**

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

98.        Plaintiff Silva repeats and realleges all paragraphs above as though fully set forth herein.

99.        Defendants failed to provide Plaintiff Silva with a written notice, in English , containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

100.        Defendants are liable to Plaintiff Silva in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

101.        Plaintiff Silva repeats and realleges all paragraphs above as though fully set forth herein.

102.        With each payment of wages, Defendants failed to provide Plaintiff Silva with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

103.        Defendants are liable to Plaintiff Silva in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF THE TIMELY PAYMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

104.     Plaintiff Silva repeats and realleges all paragraphs above as though set forth fully herein.

105.     Defendants did not pay Plaintiff Silva on a regular weekly basis, in violation of NYLL §191.

106.     Defendants are liable to Plaintiff Silva in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Silva respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Silva and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Silva and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Silva's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Silva and the FLSA Class members;

(f)     Awarding Plaintiff Silva and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Silva and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Silva;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Silva;

(j)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Silva;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Silva's compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the provisions of the NYLL are willful as to Plaintiff Silva;

(m)     Awarding Plaintiff Silva damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(n)     Awarding Plaintiff Silva damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiff Silva liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be

owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)    Awarding Plaintiff Silva and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)    Awarding Plaintiff Silva and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Silva demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

May 31, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

May 21, 2018

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.

Name:                          _Atige Silva_

Legal Representative:     Michael Faillace & Associates, P.C.

Signature:                    _A. R SILVa._

Date:                          _May 21, 2018_

*Certified as a minority-owned business in the State of New York*